# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01167

CODY INGEMANSEN, individually and as
parent and natural guardian of C.I., and T.I.,
minor children; SARAH INGEMANSEN; LISA
BIVINGS; ISABEL VIGIL; INGRID
STEVENS; THOMAS SNETHEN; JAMES
STRACHAN, individually and as parent and
natural guardian of T.S., L.S., A.S.1, and A.S.2,
minor children; LYRA GODDARD; NICK
GODDARD, individually and as parent and
natural guardian of J.L. and N.L., minor
children; JOSH MCGOWEN; AMBER PERRY,
individually and as parent and natural guardian
of E.P., minor child; DANIEL CARRICK;
ANNETTE ROBINSON; JULIET
CRENSHAW; BLAKE SKINNER, individually
and as parent and natural guardian of S.S., N.S.,
and K.S., minor children; CHRISTINE
SKINNER; CATHY WILLIAMS; MARK
ALVARADO; JENNIFER GAINES,
individually and as parent and natural guardian
of A.G., minor child; JOSHUA GAINES; JEFF
HALCOMB; STEPHEN CRANE; COURTNEY
CRANE, individually and as parent and natural
guardian of M.C. and B.L., minor children;
DONALD CORNELLA; KAREN
DAUGHERTY, individually and as parent and
natural guardian of Z.D., minor child; JOHN
POSEDEL; SHIRLEY WHEELER;
STEPHANIE WILKERSON; JACQUELINE
RIFFE; MICHELLE GONZALEZ; ROGELIO
RUBIO; RODERES MARTINEZ; COURTNEY
SAHOTA, individually and as parent and natural
guardian of Z.S.1, Z.S.2, Z.S.3, Z.S.4, and Z.S.5,
minor children; CHARLES SIMMONS;
ROBERTO MACEDO; LAWRENCE
BARNES, individually and as parent and natural

guardian of B.B. G.B., and M.B., minor
children; JOHN DAWSON; DONALD HAND,
individually and as parent and natural guardian
of D.H., minor child; MANUELA HAND;
RONALD MORELAND; ANDREA FULTZ;
JAY MAXIMENKO; LEE MAXIMENKO;
TERESA CZAPLA; JESSICA KENNEDY;
DEAN NOECHEL; RITA ROBBINS;
THERESA ORTEGA; FRANK
ORTEGA;RICHARD WOLFKILL;
BERLINDA ROBINSON; VINCENT
ROBINSON; JOSEPH PERRICONE, SR.;
DENITAS FRYE, individually and as parent and
natural guardian of E.C. and B.L., minor
children; ALISHA FRYE; DIANE VALDEZ,
individually and as parent and natural guardian
of A.T., minor child; LIONEL MARTINEZ, JR.;
BRIAN OBARA; LAURA OBARA;
SAMANTHA WILLIAMS, individually and as
parent and natural guardian of Q.H., minor child;
JASON WILLIAMS, individually and as parent
and natural guardian of H.W. and E.W., minor
children; ORVILLE BENNETT; SCOTT
CARROLL; DEBORAH CARROLL;
MICHAEL WOOD; SONIA BARRIOS;
DWAYNE FOX; M. ROSE HICKERSON;
JOHN AUSTIN; DONNA PRICE; WILLIAM
PRICE; TUFFAH DUNNE; MARK
ZURBUCHEN; ETHEL MARY PEOPLES;
JERALD JUST; TAWNI JUST; JERALD JUST,
individually and as parent and natural guardian
of N.J., minor child; SANDY SLUSHER;
JAROD WATERS, individually and as parent
and natural guardian of E.W., minor child;
SHANDELL ECHOLS, individually and as
parent and natural guardian of J.E., E.E.1, and
E.E.2, minor children; MARCUS TRAMMELL;
ERNEST ECHOLS II; LAURA RIVAS,
individually and as parent and natural guardian
of D.L.1 and D.L.2, minor children;

2

STEPHANIE PAYNE, individually and as
parent and natural guardian of T.B., T.P., J.P.,
and A.B., minor children; MICHELLE VAN
WORMER; ERIN SCOTT, individually and as
parent and natural guardian of A.R. and B.D.,
minor children; WESTLEY RIPPIN; MARIA
MARTINEZ; BRANDY HARRIS, individually
and as parent and natural guardian of S.H. and
J.H., minor children; BILIANA ORTIZ-
OROZCO; JASON KOZAK; JONATHAN
LATTA; DAVID STANTZYK; DAWUD
SALAAM; PURCELL JOHNSON; SYLVIA
KAZAN; RIYAD KAZAN; ROBERT DYER,
JR.; MARITZA DYER; ROBERT DYER;
MARK PAWOLL; SAM HERNANDEZ;
KATHLEEN COCHRAN; RANIA BURNS,
individually and as parent and natural guardian
of G.B., minor child; KEVIN FLICKINGER;
GEORGE STAPLETON; MELISSA
LINDSAY; KALEB ALLEN, individually and
as parent and natural guardian of J.A., minor
child; BOBBI ALLEN; GERALD ALLEN;
MARLENE WILSON; JOE CHADIMA;
MICHAEL QUINLIVAN; REBECCA DURAN,
individually and as parent and natural guardian
of I.D., minor child; ROBERT DURAN; LEA
ANN SMITH; ELMER MONTGOMERY;
FRANCES MONTGOMERY; CHRISTOPHER
SPRIVEY, individually and as parent and
natural guardian of T.S., minor child; JASMIN
KEIBER; CHRISTOPHER SPRIVEY;
ELIZABETH SPRIVEY; BRYCE VALLEY;
FRANK BOERNER; ZACH FULLER CARRIE
BROWN, individually and as parent and natural
guardian of R.B., minor child; JASMIN
BROWN; DAVID ELLIS; EVELYN ELLIS;
RITA MILATZ; GORDON MILATZ; CALVIN
BUTLER; SARAH CANNON; TIMOTHY
CANNON; ALEXIS GAUDIOSO, individually
and as parent and natural guardian of V.G.,

3

A.G.1, A.G.2, and Z.G, minor children; JOANN
ZELINS; ROBERT ZELINS; RISA GREEN;
JOHN RUSSELL, individually and as parent and
natural guardian of W.R., minor child; JOHN
RUSSELL; LEVI BRAUN; NICHOLAS
DONALDSON; LOREN WILL; MICHELLE
WILL; JOHN FRANKLIN, individually and as
parent and natural guardian of J.F., minor child;
BARBARA STUBBS; DAVID HAYES; JIM
HEID; NATHANIEL BURKLOW; DOROTHY
MERLO; and KATHLEEN ECHOLS,

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants*.

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiffs, by and through their undersigned counsel, hereby file this First Amended

4

Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

<u>**INTRODUCTION**</u>

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al.*, 16-cv-2351-RBJ.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

5

4.    Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.    The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.    The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.    The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.    The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.    On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.    As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.    In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.    Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

6

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM),
http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.
[2] *Id.*

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

---

[3] *Id.*

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final %20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado who, upon information and belief, were so exposed and/or own properties that were so exposed.

### Health Effects of PFOS and PFOA Exposure

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.    In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.    In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.    In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.    The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.    According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.    Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.    On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.    Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.    The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFFS' EXPOSURE AND DAMAGES

41.    Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.    Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.    Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury and, in the cases of adult Plaintiffs, property damage due to PFC contamination

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.     The properties of the adult Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered property damage and/or injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50.     Plaintiff Cody Ingemansen, individually and as parent and natural guardian of C.I., currently resides at 3454 Castle Glen Dr Unit 115, San Diego, CA 92123 with minor child C.I. Plaintiff Cody Ingemansen and minor child C.I. lived at 7163 Coral Ridge, Colroado Springs, CO 80925 for all times relevant herein. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cody Ingemansen and C.I. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

51.     Plaintiff Cody Ingemansen, individually and as parent and natural guardian of T.I., currently resides at 3454 Castle Glen Dr Unit 115, San Diego, CA 92123 with minor child C.I. Plaintiff Cody Ingemansen and minor child T.I. lived at 7163 Coral Ridge, Colroado Springs, CO 80925 for all times relevant herein. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cody Ingemansen and T.I. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

52.     Plaintiff Sarah Ingemansen currently resides at 3454 Castle Glen Dr Unit 115, San Diego, CA 92123. Plaintiff Sarah Ingemansen lived at 7163 Coral Ridge, Colroado Springs, CO 80925 for all times relevant herein. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Ingemansen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

53.     Plaintiff Cody Ingemansen currently resides at 3454 Castle Glen Dr Unit 115, San Diego, CA 92123. Plaintiff Cody Ingemansen lived at 7163 Coral Ridge, Colroado Springs, CO 80925 for all times relevant herein. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cody Ingemansen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

13

54.    Plaintiff Lisa Bivings currently owns and resides at 7165 Goldfield Drive, Colorado Springs, CO 80911. As a result of Lisa Bivings's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Bivings has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

55.    Plaintiff Isabel Vigil currently owns and resides at 7166 Josh Byers Way, Fountain, CO 80817. As a result of Isabel Vigil's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Isabel Vigil has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

56.    Plaintiff Ingrid Stevens currently owns and resides at 7170 Stowe Circle, Fountain, CO 80817. As a result of Ingrid Stevens's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ingrid Stevens has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

57.    Plaintiff Thomas Snethen currently owns and resides at 7175 Gold Pan Ct, Colorado Springs, CO 80911. As a result of Thomas Snethen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Snethen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

58.    Plaintiff James Strachan, individually and as parent and natural guardian of T.S., currently owns and resides at 7192 Cliffrose Drive, Colorado Springs, CO 80925 with minor child T.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Strachan and T.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

59.    Plaintiff James Strachan, individually and as parent and natural guardian of L.S., currently owns and resides at 7192 Cliffrose Drive, Colorado Springs, CO 80925 with minor

child L.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Strachan and L.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

60.    Plaintiff James Strachan, individually and as parent and natural guardian of J.S., currently owns and resides at 7192 Cliffrose Drive, Colorado Springs, CO 80925 with minor child J.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Strachan and J.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

61.    Plaintiff James Strachan, individually and as parent and natural guardian of A.S.1, currently owns and resides at 7192 Cliffrose Drive, Colorado Springs, CO 80925 with minor child A.S.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Strachan and A.S.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

62.    Plaintiff James Strachan, individually and as parent and natural guardian of A.S.2, currently owns and resides at 7192 Cliffrose Drive, Colorado Springs, CO 80925 with minor child A.S.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Strachan and A.S.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

63.    Plaintiff Lyra Goddard currently owns and resides at 7205 Fortman Terrace, Fountain, CO 80817. As a result of Lyra Goddard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lyra Goddard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

64.    Plaintiff Nick Goddard, individually and as parent and natural guardian of J.L.,

currently owns and resides at 7205 Fortman Terrace, Fountain, CO 80817 with minor child J.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nick Goddard and J.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

65.    Plaintiff Nick Goddard, individually and as parent and natural guardian of N.L., currently owns resides at 7205 Fortman Terrace, Fountain, CO 80817 with minor child N.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nick Goddard and N.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

66.    Plaintiff Josh Mcgowen currently owns and resides at 7255 Josh Byers Way, Fountain, CO 80817. As a result of Josh Mcgowen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Josh Mcgowen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

67.    Plaintiff Amber Perry, individually and as parent and natural guardian of E.P., currently owns resides at 7257 Bonterra Lane, Colorado Springs, CO 80925 with minor child E.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amber Perry and E.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

68.    Plaintiff Daniel Carrick currently owns and resides at 727 Descendant Dr, Fountain, CO 80817. As a result of Daniel Carrick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Carrick has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

69.    Plaintiff Annette Robinson currently owns and resides at 7270 Medicine Bow

Ave., Fountain, CO 80817. As a result of Annette Robinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annette Robinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

70.     Plaintiff Juliet Crenshaw currently owns and resides at 728 Squire Street, Colorado Springs, CO 80911. As a result of Juliet Crenshaw's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Juliet Crenshaw has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

71.     Plaintiff Blake Skinner, individually and as parent and natural guardian of S.S., currently owns and resides at 73 Steven Dr, Colorado Springs, CO 80911 with minor child S.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Blake Skinner and S.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

72.     Plaintiff Blake Skinner, individually and as parent and natural guardian of N.S., currently owns and resides at 73 Steven Drive, Colorado Springs, CO 80911 with minor child N.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Blake Skinner and N.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

73.     Plaintiff Blake Skinner, individually and as parent and natural guardian of K.S., currently owns and resides at 73 Steven Drive, Colorado Springs, CO 80911 with minor child K.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Blake Skinner and K.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

74.     Plaintiff Christine Skinner currently owns and resides at 73 Steven Drive,

Colorado Springs, CO 80911. As a result of Christine Skinner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Skinner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

75.     Plaintiff Cathy Williams currently owns and resides at 730 Jayton Drive, Colorado Springs, CO 80911. As a result of Cathy Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cathy Williams has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

76.     Plaintiff Mark Alvarado currently owns and resides at 7310 Franconia Drive, Fountain, CO 80817. As a result of Mark Alvarado's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Alvarado has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

77.     Plaintiff Jennifer Gaines, individually and as parent and natural guardian of A.G., currently resides at 7313 Glenburn Dr, Fountain, CO 80817 with minor child A.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Gaines and A.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

78.     Plaintiff Joshua Gaines currently owns and resides at 7313 Glenburn Dr, Fountain, CO 80817. As a result of Joshua Gaines's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Gaines has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

79.     Plaintiff Jeff Halcomb currently owns and resides at 7325 Sneffels St, Colorado Springs, CO 80911. As a result of Jeff Halcomb's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeff Halcomb has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

80. Plaintiff Courtney Crane currently owns and resides at 7327 Country Side Grv, Fountain, CO 80817. As a result of Courtney Crane's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Courtney Crane has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

81. Plaintiff Stephen Crane currently owns and resides at 7327 Country Side Grv, Fountain, CO 80817. As a result of Stephen Crane's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Crane has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

82. Plaintiff Courtney Crane, individually and as parent and natural guardian of M.C., currently resides at 7327 Countryside Grove, Fountain, CO 80817 with minor child M.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Courtney Crane and M.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

83. Plaintiff Courtney Crane, individually and as parent and natural guardian of B.L., currently resides at 7327 Countryside Road, Fountain, CO 80817 with minor child B.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Courtney Crane and B.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

84. Plaintiff Donald Cornella currently owns and resides at 7330 Sand Trap Drive, Colorado Springs, CO 80925. As a result of Donald Cornella's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Cornella has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

85. Plaintiff Karen Daugherty, individually and as parent and natural guardian of

Z.D., currently owns and resides at 7330 Willow Dale Drive, Fountain, CO 80817 with minor child Z.D. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karen Daugherty and Z.D. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

86.     Plaintiff John Posedel currently owns and resides at 7337 Centennial St, Fountain, CO 80817. As a result of John Posedel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Posedel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

87.     Plaintiff Shirley Wheeler currently owns and resides at 7340 Colonial Drive, Fountain, CO 80817. As a result of Shirley Wheeler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Wheeler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

88.     Plaintiff Stephanie Wilkerson currently owns and resides at 7360 Windy Peak Drive, Colorado Springs, CO 80911. As a result of Stephanie Wilkerson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Wilkerson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

89.     Plaintiff Jacqueline Riffe currently owns and resides at 7361 Glenburn Dr., Fountain, CO 80817. As a result of Jacqueline Riffe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacqueline Riffe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

90.     Plaintiff Michelle Gonzalez currently owns and resides at 7371 Middle Bay Way, Fountain, CO 80817. As a result of Michelle Gonzalez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Gonzalez has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood.

91.    Plaintiff Rogelio Rubio currently owns and resides at 7376 Colonial Drive, Fountain, CO 80817. As a result of Rogelio Rubio's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rogelio Rubio has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

92.    Plaintiff Roderes Martinez currently owns and resides at 7377 Willow Pines Place, Fountain, CO 80817. As a result of Roderes Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roderes Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

93.    Plaintiff Courtney Sahota, individually and as parent and natural guardian of Z.S.1, currently owns and resides at 7387 Willow Pines Place, Fountain, CO 80817 with minor child Z.S.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Courtney Sahota and Z.S.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

94.    Plaintiff Courtney Sahota, individually and as parent and natural guardian of Z.S.2, currently owns and resides at 7387 Willow Pines Place, Fountain, CO 80817 with minor child Z.S.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Courtney Sahota and Z.S.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

95.    Plaintiff Courtney Sahota, individually and as parent and natural guardian of Z.S.3, currently owns and resides at 7387 Willow Pines Place, Fountain, CO 80817 with minor child Z.S.3. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Courtney Sahota and Z.S.3 have elevated levels of PFOA, PFOS, and/or

PFCs in their blood.

96.    Plaintiff Courtney Sahota, individually and as parent and natural guardian of Z.S.4, currently owns and resides at 7387 Willow Pines Place, Fountain, CO 80817 with minor child Z.S.4. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Courtney Sahota and Z.S.4 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

97.    Plaintiff Courtney Sahota, individually and as parent and natural guardian of Z.S.5, currently owns and resides at 7387 Willow Pines Place, Fountain, CO 80817 with minor child Z.S.5. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Courtney Sahota and Z.S.5 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

98.    Plaintiff Charles Simmons currently owns and resides at 739 Ridgebury Place, Fountain, CO 80817. As a result of Charles Simmons's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Simmons has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

99.    Plaintiff Roberto Macedo currently owns and resides at 7415 Woody Creek Drive, Colorado Springs, CO 80911. As a result of Roberto Macedo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roberto Macedo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

100.    Plaintiff Lawrence Barnes, individually and as parent and natural guardian of B.B., currently owns and resides at 7418 Silver Bow Dr, Colorado Springs, CO 80925 with minor child B.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lawrence Barnes and B.B. have elevated levels of PFOA, PFOS,

and/or PFCs in their blood.

101.    Plaintiff Lawrence Barnes, individually and as parent and natural guardian of G.B., currently owns and resides at 7418 Silver Bow Dr, Colorado Springs, CO 80925 with minor child G.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lawrence Barnes and G.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

102.    Plaintiff Lawerence Barnes, individually and as parent and natural guardian of M.B., currently owns and resides at 7418 Silver Bow Dr, Colorado Springs, CO 80925 with minor child M.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lawerence Barnes and M.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

103.    Plaintiff John Dawson currently owns and resides at 7419 Silver Bow Drive, Colorado Springs, CO 80925. As a result of John Dawson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Dawson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

104.    Plaintiff Donald Hand, individually and as parent and natural guardian of D.H., currently owns and resides at 742 Rundle Court, Colorado Springs, CO 80911 with minor child D.H. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Hand and D.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

105.    Plaintiff Manuela Hand currently owns and resides at 742 Rundle Court, Colorado Springs, CO 80911. As a result of Manuela Hand's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Manuela Hand has elevated levels of PFOA, PFOS,

and/or PFCs in plaintiff's blood.

106.    Plaintiff Ronald Moreland currently owns and resides at 7429 Colonial Dr, Fountain, CO 80817. As a result of Ronald Moreland's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Moreland has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

107.    Plaintiff Andrea Fultz currently owns and resides at 7429 Colonial Drive, Fountain, CO 80817. As a result of Andrea Fultz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrea Fultz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

108.    Plaintiff Jay Maximenko currently owns and resides at 7435 Goldfield Dr, Colorado Springs, CO 80911. As a result of Jay Maximenko's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jay Maximenko has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

109.    Plaintiff Lee Maximenko currently owns and resides at 7435 Goldfield Drive, Colorado Springs, CO 80911. As a result of Lee Maximenko's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lee Maximenko has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

110.    Plaintiff Teresa Czapla currently owns and resides at 7465 Dove Creek Cir, Colorado Springs, CO 80911. As a result of Teresa Czapla's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Teresa Czapla has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

111.    Plaintiff Jessica Kennedy currently owns and resides at 7470 Sun Prairie Drive, Colorado Springs, CO 80925. As a result of Jessica Kennedy's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Kennedy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

112.    Plaintiff Dean Noechel currently owns and resides at 7470 Sun Prairie Drive, Colorado Springs, CO 80925. As a result of Dean Noechel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dean Noechel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

113.    Plaintiff Rita Robbins currently owns and resides at 750 Progress Dr, Fountain, CO 80817. As a result of Rita Robbins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Robbins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

114.    Plaintiff Theresa Ortega currently owns and resides at 7510 Vineland Trail, Colorado Springs, CO 80911. As a result of Theresa Ortega's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theresa Ortega has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

115.    Plaintiff Frank Ortega currently owns and resides at 7510 Vineland Trail, Widefield, CO 80911. As a result of Frank Ortega's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Ortega has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

116.    Plaintiff Richard Wolfkill currently owns and resides at 7530 Dove Creek Cir, Colorado Springs, CO 80911. As a result of Richard Wolfkill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Wolfkill has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

117.    Plaintiff Berlinda Robinson currently owns and resides at 7542 Dutch Loop,

Colorado Springs, CO 80925. As a result of Berlinda Robinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Berlinda Robinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

118.    Plaintiff Vincent Robinson currently owns and resides at 7542 Dutch Loop, Colorado Springs, CO 80925. As a result of Vincent Robinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vincent Robinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

119.    Plaintiff Joseph Perricone, Sr. currently owns and resides at 755 Progress Drive, Fountain, CO 80817. As a result of Joseph Perricone, Sr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Perricone, Sr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

120.    Plaintiff Denitas Frye, individually and as parent and natural guardian of E.C., currently resides at 756 Rundle Court, Colorado Springs, CO 80911 with minor child E.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Denitas Frye and E.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

121.    Plaintiff Denitas Frye, individually and as parent and natural guardian of B.L., currently resides at 756 Rundle Court, Colorado Springs, CO 80911 with minor child B.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Denitas Frye and B.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

122.    Plaintiff Alisha Frye currently owns and resides at 756 Rundle Ct, Colorado Springs, CO 80911. As a result of Alisha Frye's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alisha Frye has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

123.     Plaintiff Diane Valdez, individually and as parent and natural guardian of A.T., currently owns and resides at 76 Esther Drive, Colorado Springs, CO 80911 with minor child A.T. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Diane Valdez and A.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

124.     Plaintiff Lionel Martinez, Jr. currently owns and resides at 7630 Deer Trail, Colorado Springs, CO 80911. As a result of Lionel Martinez, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lionel Martinez, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

125.     Plaintiff Brian OBara currently owns and resides at 7636 Solitude Lane, Colorado Springs, CO 80919. As a result of Brian OBara's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian OBara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

126.     Plaintiff Laura OBara currently owns and resides at 7636 Solitude Ln, Colorado Springs, CO 80919. As a result of Laura OBara's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura OBara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

127.     Plaintiff Samantha Williams, individually and as parent and natural guardian of Q.H., currently resides at 7644 Dobbs Dr, Fountain, CO 80817 with minor child Q.H. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samantha Williams and Q.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

128.     Plaintiff Jason Williams, individually and as parent and natural guardian of H.W., currently owns and resides at 7644 Dobbs Drive, Fountain, CO 80817 with minor child H.W. As

a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Williams and H.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

129.    Plaintiff Jason Williams, individually and as parent and natural guardian of E.W., currently owns and resides at 7644 Dobbs Drive, Fountain, CO 80817 with minor child E.W. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Williams and E.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

130.    Plaintiff Orville Bennett currently owns and resides at 7682 Bentwater Dr, Fountain, CO 80817. As a result of Orville Bennett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Orville Bennett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

131.    Plaintiff Scott Carroll currently owns and resides at 7706 Drawbridge Terrace, Fountain, CO 80817. As a result of Scott Carroll's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scott Carroll has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

132.    Plaintiff Deborah Carroll currently owns and resides at 7706 Drawbridge Terrace, Fountain, CO 80817. As a result of Deborah Carroll's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deborah Carroll has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

133.    Plaintiff Michael Wood currently owns and resides at 7722 Monte Cristo Bay Ct., Fountain, CO 80817. As a result of Michael Wood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Wood has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood.

134.    Plaintiff Sonia Barrios currently owns and resides at 7734 Barn Owl Dr, Fountain, CO 80817. As a result of Sonia Barrios's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sonia Barrios has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

135.    Plaintiff Dwayne Fox currently owns and resides at 7734 Whipple Place, Fountain, CO 80817. As a result of Dwayne Fox's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dwayne Fox has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

136.    Plaintiff M. Rose Hickerson currently owns and resides at 7755 Middle Bay Way, Fountain, CO 80817. As a result of M. Rose Hickerson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, M. Rose Hickerson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

137.    Plaintiff John Austin currently owns and resides at 7783 Whipple Place, Fountain, CO 80817. As a result of John Austin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Austin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

138.    Plaintiff Donna Price currently owns and resides at 7831 Braxton Dr, Fountain, CO 80817. As a result of Donna Price's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Price has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

139.    Plaintiff William Price currently owns and resides at 7831 Braxton Drive, Fountain, CO 80817. As a result of William Price's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, William Price has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

140.    Plaintiff Tuffah Dunne currently owns and resides at 7834 Peninsula Dr, Colorado Springs, CO 80911. As a result of Tuffah Dunne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tuffah Dunne has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

141.    Plaintiff Mark Zurbuchen currently owns and resides at 7846 Lantern Ln, Fountain, CO 80817. As a result of Mark Zurbuchen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Zurbuchen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

142.    Plaintiff Ethel Mary Peoples currently owns and resides at 7847 Lantern Lane, Fountain, CO 80817. As a result of Ethel Mary Peoples's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ethel Mary Peoples has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

143.    Plaintiff Jerald Just currently owns and resides at 785 Flemming St, Colorado Springs, CO 80911. As a result of Jerald Just's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jerald Just has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

144.    Plaintiff Tawni Just currently owns and resides at 785 Flemming St, Colorado Springs, CO 80911. As a result of Tawni Just's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tawni Just has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

145.    Plaintiff Jerald Just, individually and as parent and natural guardian of N.J.,

currently resides at 785 Flemming Street, Colorado Springs, CO 80911 with minor child N.J. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jerald Just and N.J. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

146.    Plaintiff Sandy Slusher currently owns and resides at 7870 Peninsula Drive, Colorado Springs, CO 80911. As a result of Sandy Slusher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandy Slusher has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

147.    Plaintiff Jarod Waters, individually and as parent and natural guardian of E.W., currently owns and resides at 7875 Woody Creek Drive, Colorado Springs, CO 80911 with minor child E.W. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jarod Waters and E.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

148.    Plaintiff Shandell Echols, individually and as parent and natural guardian of J.E., currently resides at 795 Ridgebury Place, Fountain, CO 80817 with minor child J.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shandell Echols and J.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shandell Echols has been diagnosed with Pregnancy Problems.

149.    Plaintiff Shandell Echols, individually and as parent and natural guardian of E.E.1, currently resides at 795 Ridgebury Place, Fountain, CO 80817 with minor child E.E.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shandell Echols and E.E.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shandell Echols has been diagnosed with Pregnancy Problems.

150.    Plaintiff Shandell Echols, individually and as parent and natural guardian of

E.E.2, currently resides at 795 Ridgebury Place, Fountain, CO 80817 with minor child E.E.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shandell Echols and E.E.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shandell Echols has been diagnosed with Pregnancy Problems.

151.    Plaintiff Marcus Trammell currently owns and resides at 795 Ridgebury Place, Fountain, CO 80817. As a result of Marcus Trammell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marcus Trammell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

152.    Plaintiff Ernest Echols II currently owns and resides at 795 Ridgebury Place, Fountain, CO 80817. As a result of Ernest Echols II's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ernest Echols II has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

153.    Plaintiff Laura Rivas, individually and as parent and natural guardian of D.L.1, currently owns and resides at 800 S Santa Fe Ave, Fountain, CO 80817 with minor child D.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Rivas and D.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

154.    Plaintiff Laura Rivas, individually and as parent and natural guardian of D.L.2, currently owns and resides at 800 S. Santa Fe Avenue Lot G34, Colorado Springs, CO 80911 with minor child D.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Rivas and D.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

155.    Plaintiff Stephanie Payne, individually and as parent and natural guardian of T.B., currently resides at 800 S Santa Fe Ave Lot B10, Fountain, CO 80817 with minor child T.B. As

a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Payne and T.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

156.    Plaintiff Stephanie Payne, individually and as parent and natural guardian of T.P., currently resides at 800 S Santa Fe Ave Lot B10, Fountain, CO 80817 with minor child T.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Payne and T.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

157.    Plaintiff Stephanie Payne, individually and as parent and natural guardian of J.P., currently resides at 800 South Santa Fe Avenue, Lot B10, Fountain, CO 80817 with minor child J.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Payne and J.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

158.    Plaintiff Stephanie Payne, individually and as parent and natural guardian of A.B., currently resides at 800 South Santa Fe Avenue, Lot B10, Fountain, CO 80817 with minor child A.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Payne and A.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

159.    Plaintiff Michelle Van Wormer currently owns and resides at 800 South Santa Fe Lot D22, Fountain, CO 80817. As a result of Michelle Van Wormer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Van Wormer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

160.    Plaintiff Erin Scott currently owns and resides at 800 S Santa Fe Ave Lot D-2,

Fountain, CO 80817. As a result of Erin Scott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Scott has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

161.    Plaintiff Erin Scott, individually and as parent and natural guardian of A.R., currently resides at 800 South Santa Fe Ave. Lot D-2, Fountain, CO 80817 with minor child A.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Scott and A.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

162.    Plaintiff Erin Scott, individually and as parent and natural guardian of B.D., currently resides at 800 South Santa Fe Avenue D # 2, Fountain, CO 80817 with minor child B.D. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Scott and B.D. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

163.    Plaintiff Westley Rippin currently owns and resides at 800 South Santa Fe Lot D-2, Fountain, CO 80817. As a result of Westley Rippin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Westley Rippin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

164.    Plaintiff Maria Martinez currently owns and resides at 8020 Willowick Court, Colorado Springs, CO 80925. As a result of Maria Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maria Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

165.    Plaintiff Brandy Harris, individually and as parent and natural guardian of S.H., currently resides at 803 Foxwood Dr, Colorado Springs, CO 80911 with minor child S.H. As a

result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandy Harris and S.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Brandy Harris has been diagnosed with High Cholesterol.

166.    Plaintiff Brandy Harris, individually and as parent and natural guardian of J.H., currently resides at 803 Foxwood Drive, Colorado Springs, CO 80911 with minor child J.H. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandy Harris and J.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Brandy Harris has been diagnosed with High Cholesterol.

167.    Plaintiff Biliana Ortiz-Orozco currently owns and resides at 805 Cardinal St, Colorado Springs, CO 80911. As a result of Biliana Ortiz-Orozco's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Biliana Ortiz-Orozco has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

168.    Plaintiff Jason Kozak currently owns and resides at 81 Rose Drive, Colorado Springs, CO 80911. As a result of Jason Kozak's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Kozak has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

169.    Plaintiff Jonathan Latta currently owns and resides at 8150 Silver Glen Drive, Fountain, CO 80817. As a result of Jonathan Latta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jonathan Latta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

170.    Plaintiff David Stantzyk currently owns and resides at 821 Fountain Mesa Rd., Fountain, CO 80817. As a result of David Stantzyk's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Stantzyk has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood.

171.    Plaintiff Dawud Salaam currently owns and resides at 8336 Parkglen Drive, Fountain, CO 80817. As a result of Dawud Salaam's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dawud Salaam has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

172.    Plaintiff Purcell Johnson currently owns and resides at 8353 Freestar Way, Colorado Springs, CO 80925. As a result of Purcell Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Purcell Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

173.    Plaintiff Sylvia Kazan currently owns and resides at 8387 Parkglen Dr, Fountain, CO 80817. As a result of Sylvia Kazan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sylvia Kazan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

174.    Plaintiff Riyad Kazan currently owns and resides at 8387 Parkglen Dr, Fountain, CO 80817. As a result of Riyad Kazan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Riyad Kazan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

175.    Plaintiff Robert Dyer, Jr. currently owns and resides at 8467 Dassel Drive, Fountain, CO 80817. As a result of Robert Dyer, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Dyer, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

176.    Plaintiff Maritza Dyer currently owns and resides at 8467 Dassel Drive, Fountain, CO 80817. As a result of Maritza Dyer's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Maritza Dyer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

177.    Plaintiff Robert Dyer currently owns and resides at 8467 Dassel Drive, Fountain, CO 80817. As a result of Robert Dyer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Dyer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

178.    Plaintiff Mark Pawoll currently owns and resides at 8475 Cow Palace Road, Peyton, CO 80831. As a result of Mark Pawoll's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Pawoll has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

179.    Plaintiff Sam Hernandez currently owns and resides at 8485 Dassel Dr., Fountain, CO 80817. As a result of Sam Hernandez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sam Hernandez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

180.    Plaintiff Kathleen Cochran currently owns and resides at 85 Hayes Drive, Colorado Springs, CO 80911. As a result of Kathleen Cochran's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathleen Cochran has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

181.    Plaintiff Rania Burns, individually and as parent and natural guardian of G.B., currently resides at 856 Bunting Aveue, Fountain, CO 80817 with minor child G.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rania Burns and G.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

182.    Plaintiff Kevin Flickinger currently owns and resides at 870 Circle Rd, Colorado

Springs, CO 80133. As a result of Kevin Flickinger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Flickinger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

183. Plaintiff George Stapleton currently owns and resides at 875 Crandall Drive, Colorado Springs, CO 80911. As a result of George Stapleton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Stapleton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

184. Plaintiff Melissa Lindsay currently owns and resides at 88 Doris Dr, Colorado Springs, CO 80911. As a result of Melissa Lindsay's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melissa Lindsay has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

185. Plaintiff Kaleb Allen, individually and as parent and natural guardian of J.A., currently resides at 90 Easy Street, Colorado Springs, CO 80911 with minor child J.A. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kaleb Allen and J.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

186. Plaintiff Bobbi Allen currently owns and resides at 90 Easy Street, Security, CO 80911. As a result of Bobbi Allen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bobbi Allen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

187. Plaintiff Gerald Allen currently owns and resides at 90 Easy Street, Security, CO 80911. As a result of Gerald Allen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gerald Allen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

38

188.    Plaintiff Marlene Wilson currently owns and resides at 900 Candelstar Loop North, Fountain, CO 80817. As a result of Marlene Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marlene Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

189.    Plaintiff Joe Chadima currently owns and resides at 900 Pond Terrace, Fountain, CO 80817. As a result of Joe Chadima's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joe Chadima has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

190.    Plaintiff Michael Quinlivan currently owns and resides at 901 Desert Cir, Fountain, CO 80817. As a result of Michael Quinlivan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Quinlivan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

191.    Plaintiff Rebecca Duran, individually and as parent and natural guardian of I.D., currently owns and resides at 905 Binger Drive, Colorado Springs, CO 80911 I.D. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Duran and I.D. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

192.    Plaintiff Robert Duran currently owns and resides at 905 Binger Drive, Colorado Springs, CO 80911. As a result of Robert Duran's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Duran has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

193.    Plaintiff Lea Ann Smith currently owns and resides at 905 Lindstrom Drive, Colorado Springs, CO 80911. As a result of Lea Ann Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lea Ann Smith has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood.

194.    Plaintiff Elmer Montgomery currently owns and resides at 921 Van Buren, Pueblo, CO 81004. As a result of Elmer Montgomery's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elmer Montgomery has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

195.    Plaintiff Frances Montgomery currently owns and resides at 921 Van Buren St, Pueblo, CO 81004. As a result of Frances Montgomery's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frances Montgomery has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

196.    Plaintiff Christopher Sprivey, individually and as parent and natural guardian of T.S., currently resides at 9224 Castle Oak Drive, Fountain, CO 80817 with minor child T.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Sprivey and T.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

197.    Plaintiff Jasmin Keiber currently owns and resides at 9224 Castle Oak Drive, Fountain, CO 80817. As a result of Jasmin Keiber's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jasmin Keiber has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

198.    Plaintiff Christopher Sprivey currently owns and resides at 9224 Castle Oak Drive, Fountain, CO 80817. As a result of Christopher Sprivey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Sprivey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

199.    Plaintiff Elizabeth Sprivey currently owns and resides at 9224 Castle Oak Drive,

Fountain, CO 80817. As a result of Elizabeth Sprivey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Sprivey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

200.    Plaintiff Bryce Valley currently owns and resides at 926 Drury Ln, Colorado Springs, CO 80911. As a result of Bryce Valley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bryce Valley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

201.    Plaintiff Frank Boerner currently owns and resides at 93 Jasper Drive, Colorado Springs, CO 80911. As a result of Frank Boerner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Boerner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

202.    Plaintiff Zach Fuller currently owns and resides at 9311 Daystar Terrace, Colorado Springs, CO 80925. As a result of Zach Fuller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Zach Fuller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

203.    Plaintiff Carrie Brown, individually and as parent and natural guardian of R.B., currently resides at 933 Cardinal Street, Colorado Springs, CO 80911 with minor child R.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carrie Brown and R.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

204.    Plaintiff Jasmin Brown currently owns and resides at 933 Cardinal Street, Colorado Springs, CO 80911. As a result of Jasmin Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jasmin Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

41

205.    Plaintiff David Ellis currently owns and resides at 9335 Bar B Road, Fountain, CO 80817. As a result of David Ellis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Ellis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

206.    Plaintiff Evelyn Ellis currently owns and resides at 9335 Bar B Road, Fountain, CO 80817. As a result of Evelyn Ellis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Evelyn Ellis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

207.    Plaintiff Rita Milatz currently owns and resides at 9359 Bar B Road, Fountain, CO 80817. As a result of Rita Milatz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Milatz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

208.    Plaintiff Gordon Milatz currently owns and resides at 9359 Bar B Road, Fountain, CO 80817. As a result of Gordon Milatz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gordon Milatz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209.    Plaintiff Calvin Butler currently owns and resides at 9427 Berrey Lane, Colorado Springs, CO 80925. As a result of Calvin Butler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Calvin Butler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

210.    Plaintiff Sarah Cannon currently owns and resides at 9478 Jimmy Camp Road, Fountain, CO 80817. As a result of Sarah Cannon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Cannon has elevated levels of PFOA, PFOS,

and/or PFCs in plaintiff's blood.

211.     Plaintiff Timothy Cannon currently owns and resides at 9478 Jimmy Camp Road,
Fountain, CO 80817. As a result of Timothy Cannon's exposure to elevated levels of PFOA,
PFOS, and/or PFCs in the drinking water supply, Timothy Cannon has elevated levels of PFOA,
PFOS, and/or PFCs in plaintiff's blood.

212.     Plaintiff Alexis Gaudioso, individually and as parent and natural guardian of
V.G., currently resides at 9502 Desert Lily Circle, Colorado Springs, CO 80925 with minor child
V.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the
drinking water supply, Alexis Gaudioso and V.G. have elevated levels of PFOA, PFOS, and/or
PFCs in their blood.

213.     Plaintiff Alexis Gaudioso, individually and as parent and natural guardian of
A.G.1, currently resides at 9502 Desert Lily Circle, Colorado Springs, CO 80925 with minor
child A.G.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the
drinking water supply, Alexis Gaudioso and A.G.1 have elevated levels of PFOA, PFOS, and/or
PFCs in their blood.

214.     Plaintiff Alexis Gaudioso, individually and as parent and natural guardian of Z.G.,
currently resides at 9502 Desert Lily Circle, Colorado Springs, CO 80925 with minor child Z.G.
As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking
water supply, Alexis Gaudioso and Z.G. have elevated levels of PFOA, PFOS, and/or PFCs in
their blood.

215.     Plaintiff Alexis Gaudioso, individually and as parent and natural guardian of
A.G.2, currently resides at 9502 Desert Lily Circle, Colorado Springs, CO 80925 with minor
child A.G.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Alexis Gaudioso and A.G.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

216.     Plaintiff Alexis Gaudioso currently owns and resides at 9502 Desert Lily Circle, Colorado Springs, CO 80925. As a result of Alexis Gaudioso's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alexis Gaudioso has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

217.     Plaintiff Joann Zelins currently owns and resides at 953 Bromefield Drive, Fountain, CO 80817. As a result of Joann Zelins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joann Zelins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

218.     Plaintiff Robert Zelins currently owns and resides at 953 Bromefield Drive, Fountain, CO 80817. As a result of Robert Zelins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Zelins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

219.     Plaintiff Risa Green currently owns and resides at 9575 Linkage Trail, Fountain, CO 80817. As a result of Risa Green's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Risa Green has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

220.     Plaintiff John Russell, individually and as parent and natural guardian of W.R., currently resides at 967 Candlestar Loop South, Fountain, CO 80817 with minor child W.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Russell and W.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

221.     Plaintiff John Russell resided at 967 Candlestar Loop South, Fountain, CO 80817

for all times relevant herein. As a result of John Russell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Russell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

222.    Plaintiff Levi Braun currently owns and resides at 9732 Carnival Lane, Fountain, CO 80817. As a result of Levi Braun's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Levi Braun has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

223.    Plaintiff Nicholas Donaldson currently owns and resides at 9732 Carnival Lane, Fountain, CO 80817. As a result of Nicholas Donaldson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Donaldson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

224.    Plaintiff Loren Will currently owns and resides at 9748 Fireside Court, Fountain, CO 80817. As a result of Loren Will's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Loren Will has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

225.    Plaintiff Michelle Will currently owns and resides at 9748 Fireside Court, Fountain, CO 80817. As a result of Michelle Will's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Will has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

226.    Plaintiff John Franklin, individually and as parent and natural guardian of J.F., currently resides at 9779 Silver Stirrup Drive, Colorado Springs, CO 80925 with minor child J.F. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Franklin and J.F. have elevated levels of PFOA, PFOS, and/or PFCs in their

blood.

227.    Plaintiff John Franklin currently owns and resides at 9779 Silver Stirrup Drive, Colorado Springs, CO 80925. As a result of John Franklin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Franklin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

228.    Plaintiff Barbara Stubbs currently owns and resides at 980 Hartell Drive, Colorado Springs, CO 80911. As a result of Barbara Stubbs's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Stubbs has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

229.    Plaintiff David Hayes currently owns and resides at 985 Winebrook Way, Fountain, CO 80817. As a result of David Hayes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Hayes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

230.    Plaintiff Jim Heid currently resides at 4717 E. Anderson Road, Sierra Vista, AZ 85650. Plaintiff Jim Heid resided at Number 7 N Dartmouth St., Colorado Springs, CO 80911 for all times relevant herein. As a result of Jim Heid's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jim Heid has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

231.    Plaintiff Nathaniel Burklow currently owns and resides at 8286 Pinegate Drive, Colorado Springs, CO 80925. As a result of Nathaniel Burklow's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nathaniel Burklow has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

232.    Plaintiff Dorothy Merlo currently owns and resides at 575 Pucket Circle,

Colorado Springs, CO 80931. As a result of Dorothy Merlo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dorothy Merlo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

233.    Plaintiff Kathleen Echols currently owns and resides at 6585 President Avenue, Colorado Springs, CO 80911. As a result of Kathleen Echols's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathleen Echols has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

### Defendants

234.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

235.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

236.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

237.     Defendant THE 3M COMPANY ("3M") is, upon information and belief, an
American multinational corporation based in Maplewood, Minnesota and incorporated in
Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company.
With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people,
operates in approximately 70 countries, and produces more than 55,000 products. 3M does
business throughout the United States, including in the state of Colorado.

238.     3M designed, manufactured, and sold AFFF used in training operations and for
emergency fire-fighting situations.

239.     3M is engaged in substantial and not isolated activity in this State; all as more
fully alleged herein.

240.     Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL
COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One
Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures
the ANSUL brand of products, including ANSUL brand AFFF.

241.     Defendant TYCO was incorporated as a limited partnership on December 15,
2000. The name and mailing address of the sole general partner is Fire Products GP Holding,
Inc. Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of
business at 9 Roszel Road, Princeton, NJ 08540.

242.     Upon information and belief, Defendant TYCO is the successor in interest to the
corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall
collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as
"TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF
used in training operations and for emergency fire-fighting situations.

48

243.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

244.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

245.    Defendant CHEMGUARD is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

246.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

247.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

248.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

249.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

49

250.    KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

251.    KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

252.    Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

253.    Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

254.    Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

255.    Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

256.    Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

257.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

258.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

259.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

260.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

261.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

262.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

263.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

264.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

265.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB
NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in
interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a
WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL
FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL
FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

266.    At all times relevant to the present litigation, NATIONAL FOAM designed,
manufactured, and sold AFFF used in training operations and for emergency fire-fighting
situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

267.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to
extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as
petroleum or other flammable liquids.

268.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming
agents with surfactants. When mixed with water, the resulting solution produces an aqueous film
that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is
the source of the designation "aqueous film forming foam."

269.    AFFF has the presence of fluorinated surfactants that lower the water's surface
tension, essentially smothering the fire and starving it of its oxygen.

270.    Some fluorinated surfactants have unique properties that cause some of the
compounds to persist in the environment and toxically bioaccumulate in animals and humans.

271.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

272.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

273.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

274.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

275.    The USAF uses 3% AFFF for its installations.

276.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

277.    3M was the only company to manufacture PFOS-containing AFFF.

278.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

279.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

280.    In 1947, 3M began producing PFOA via ECF.

281.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

282.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

283.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

284.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

285.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

286.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

287.    Early studies showed that PFCs accumulated in the human body and were toxic.

288.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

289.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

290.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

54

291.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

292.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

293.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

294.    These injuries can arise months or years after exposure to PFOA.

295.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

296.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

297.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

55

298.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

299.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

300.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

301.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

302.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

303.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

304.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

305.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

306.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

307.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

308.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

309.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

310.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

311.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

312.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF

contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

313.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

314.    PFOA and PFOS are present in all Defendants' AFFF products.

315.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

316.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

317.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

318.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

319.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

320.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

321.    The market for AFFF is ascertainable through standard discovery means.

322.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

323.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

324.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

325.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose

59

of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

    a.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

    b.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

    c.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

326.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

    a.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

    b.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

c.    Concealing the dangers of AFFF containing PFOA and PFOS from end users,
sensitive receptors, public water suppliers, and the users and consumers of
groundwater;

d.    Using their considerable resources to fight PFOA and PFOS regulation; and

e.    Collectively deciding to use PFOA and/or PFOS rather than other, safer
surfactants because AFFF-containing PFOA and/or PFOS were the most
profitable surfactant for Defendants to use.

327.    As a direct and proximate result of the Defendants' above described conspiracy,
PFOA and PFOS, at all times relevant to this litigation has:

a.    Posed and continues to pose a health threat to Plaintiffs because it has
bioaccumulated in their bodies;

b.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private
water wells;

c.    Created the need for remediation of PFOA- and PFOS- contaminated
groundwater for those property owners who utilize private water wells, or,
where remediation of the groundwater is impractical, installation of a system to
filter out PFOA and PFOS or procurement of water from alternative sources;
and

**CAUSES OF ACTION FOR INDIVIDUAL CLAIMS**
**AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE**

328.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the
preceding paragraphs as if fully restated herein.

329.    This cause of action is brought pursuant to Colorado law.

330.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

331.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

332.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

333.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

334.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

335.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

336.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

337.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

338.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

339.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

340.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

341.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

342.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

343.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

344.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

345.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

346.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

347.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

348.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

349.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

350.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

351.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

352.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

353.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

354.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

355.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

356.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

357.     Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND  CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

358.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

359.     This cause of action is brought pursuant to Colorado law.

360.     As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

361.      Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

362.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

363.     AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

66

364.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

365.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

366.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

367.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

368.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

369.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

370.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

371.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

372.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

373.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

374.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

375.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

376.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A THIRD  CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

377.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

378.    This cause of action is brought pursuant to Colorado law.

379.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

380.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

381.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

382.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

383.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

384.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

385.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

386.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

69

387.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

388.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

389.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

390.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

391.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

392.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

393.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

394.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

395.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

396.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

397.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

398.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

399.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

400.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

401.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

402.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

403.    an order for an award of attorneys' fees and costs, as provided by law;

404.    an award of pre-judgment and post-judgment interest as provided by law; and

405.     an order for all such other relief the Court deems just and proper.

## JURY DEMAND

406.     Plaintiffs demand a trial by jury of any and all issues in this matter so triable
pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 23, 2018                          Respectfully Submitted,

                                             **NAPOLI SHKOLNIK, PLLC**

                                             */s/ Paul J. Napoli*
                                             Paul J. Napoli
                                             Patrick J. Lanciotti
                                             Hunter Shkolnik
                                             Louise Caro
                                             Tate J. Kunkle
                                             360 Lexington Avenue, Eleventh Floor
                                             New York, NY 10017
                                             Telephone: (212) 397-1000
                                             E-mail: pnapoli@napolilaw.com
                                             E-mail: hunter@napolilaw.com
                                             E-mail: lcaro@napolilaw.com
                                             E-mail: tkunkle@napolilaw.com
                                             E-mail: planciotti@napolilaw.com

                                             **MCDIVITT LAW FIRM**
                                             Michael McDivitt
                                             Kelly Hyman
                                             19 East Cimarron Street
                                             Colorado Springs, CO 80903
                                             Telephone: (719) 471-3700
                                             E-mail: mmcdivitt@mcdivittlaw.com
                                             E-mail: kyman@mcdivittlaw.com